RAPP (CONOVER v.). See Case No. 3,124.

RAPPLEE (BALDWIN v.). See Case No. 802.

RARBAUGH, In re. See Case No. 6,045.

RASCH (TAYLOR v.). See Cases Nos. 13,-800 and 13,801.

————

## Case No. 11,578.

### In re RATCLIFFE.

[1 N. B. R. 400 (Quarto, 98); 6 Phila. 466; 25 Leg. Int. 92; 1 Am. Law T. Rep. Bankr. 47; 15 Pittsb. Leg. J. 343.] [1]

District Court, E. D. Pennsylvania. Nov. 23, 1867.

BANKRUPTCY—AMENDING SCHEDULES—CONDITIONS —WHEN ALLOWED—ALIAS WARRANT.

Material additions to the schedules of debts, or of property, are not allowable, by way of amendment, after the first meeting of creditors, except upon such conditions as may prevent injustice. In some cases the issuing of an alias warrant will be required.

[Cited in Re Morganthal, Case No. 9,813; Re Heller, Id. 6,339; White v. Crawford, 9 Fed. 372.]

[In the matter of Robert Ratcliffe, a bankrupt.]

CADWALADER, District Judge. The bankrupt's counsel presents a proposed amendment, the purpose of which is to introduce, by addition, the names, &c., of six judgment creditors omitted in the list appended to the petition, according to which list the warrant was framed, and the notices of the first meeting of creditors given. Such an amendment would have been allowable, as of course, before warrant issued. But after it has been issued, at all events after final adjournment of the first meeting, such an amendment can not be allowed except upon conditions requiring in effect a recommencement of the preparatory proceedings. Under the equity, if not under the enactments, of the 12th section of the act of congress [of 1867 (14 Stat. 522)], these conditions may perhaps be imposed and fulfilled. But the register having charge of the case can much better suggest them, than the court, without immediate access to the papers in the register's office, prescribe them. The register will, therefore, in this case, report specially to the court the conditions upon which, in his opinion, the amendment may be allowed. The subject is of great practical importance, and will, after his report, receive from the court due consideration.

By JOHN P. HOBART, Register. In this case the bankrupt, after the issuing of the warrant, publication made, notice served on all the creditors named therein to prove their debts at the first meeting and choose an as-

———

[1] [Reprinted from 1 N. B. R. 400 (Quarto, 98), and 25 Leg. Int. 92, by permission. 1 Am. Law T. Rep. Bankr. 47, contains only a partial report.]

signee, and said first meeting having been held, proof of debts made by creditors, and an assignee appointed, applies to the court for leave to amend his petition and schedules by adding thereto the names of six judgment creditors, which were omitted in the petition as filed. The act of congress requires the petitioner to annex to his petition a schedule, verified by oath, containing a full and true statement of all his debts, and, as far as possible, to whom due, with the residence of each creditor, &c. And by the 12th section, if it appears that the notice to the creditors has not been given as required by the warrant, the meeting shall forthwith be adjourned and a new notice given. The warrant is filled up from the list of creditors annexed to the petition, and the notices served on the creditors named therein. Each creditor is entitled to know who are the other creditors of the bankrupt, and to meet them before the register on the day designated in the warrant and notice, and has also the right to object to the proof of any claim which may be deemed to be improperly included in the schedule: and ought not, through the omission, inadvertence, or neglect of the bankrupt, to be deprived of that right. If a precedent were established, allowing amendments, of course, after the first meeting of creditors has been held, and proof of the debts of the omitted creditors taken, without a new notice to all the creditors, a door might be opened for fraud and collusion between the bankrupt and certain of his creditors, whose claims might be disputed by the others, and dividends on which might be secured out of his estate by that omission and amendment. The register is therefore of opinion that the conditions to be imposed upon the allowance of the proposed amendments, should be the issuing of a new warrant, embracing as well the names of the creditors already notified as of those named in the amendment, notifying them to meet before the register on a day to be named therein, and prove their debts, &c. This would give each creditor notice of all the claims against the estate of the bankrupt, and an opportunity to object to the proof of any debt which might be deemed to be improperly included in the schedule. The proof of debts already made to remain, as well as the appointment of the assignee, unless the greater part in number and amount of the creditors whose debts have been proved and entitled to vote at such meeting, should choose another. Although the bankrupt would be subjected to some additional expense by the imposition of these conditions, yet it may in almost every case be avoided by the exercise of due care in preparing the petition and schedule.

CADWALADER, District Judge. The register's report is conformable to the views expressed in my order of 2d instant. He will not, therefore, allow the amendments except upon the condition which he suggests.